UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYANT BUESCHER, CLARENCE IANNINO, CLARESSA WALLACE, and CRAIG COOK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BRENNTAG NORTH AMERICA, INC, BOARD OF DIRECTORS OF BRENNTAG NORTH AMERICA, INC., and BRENNTAG INVESTMENT AND OVERSIGHT COMMITTEE.<br>Defendants. | CIVIL ACTION NO.:<br>5:20-cv-00147-JMG |

# ORDER

**AND NOW,** this 10th day of August, 2021, upon consideration of Plaintiffs' motion for attorneys' fees and expenses and class contribution awards for the named plaintiffs (ECF No. 38), the supporting declarations (ECF No. 37), and the testimony from the on-the-record hearing held on August 9th, 2021, it is hereby **ORDERED as follows:**

1. Plaintiffs' Class Counsel are hereby awarded attorneys' fees of **$713,000.00** and reimbursement of expenses in the sum of **$13,151.29** to be paid from the Settlement Fund.[1]

---

[1] All of the capitalized terms used herein shall have the same meanings as set forth in the Class Action Settlement Agreement ("Settlement Agreement") dated September 21, 2020, and filed with the Court.

2. The Court finds that the amount of fees awarded is appropriate and that the amount of fees awarded are fair and reasonable given the substantial risks of non-recovery, the time and effort involved, and the result obtained for the Settlement Class.[2]

---

[2] An award of reasonable attorneys' fees and expenses in a class action is authorized under Federal Rule of Civil Procedure 23(h).

The reasonableness of an award of attorneys' fees is generally assessed according to either the lodestar method or the percentage-of-recovery method. *In re AT&T Corp.*, 455 F.3d 160, 164 (3d Cir. 2006). The lodestar method requires courts to calculate the reasonable number of hours expended multiplied by a reasonable hourly rate. *United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 290 (3d Cir. 2007). The Third Circuit has advised that courts should exclude "excessive, redundant, or otherwise unnecessary" hours from these fee awards. *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 178 (3d Cir. 2001) *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This method is preferred in statutory fee-shifting cases. *See, e.g.*, *Loughner*, 260 F.3d at 178.

The percentage-of-recovery method, on the other hand, awards counsel a fee that represents a percentage of the total amount recovered in the action. Courts assess the reasonableness of such an award by considering various factors. *S.S. Body Armor I, Inc. v. Carter Ledyard & Milburn LLP*, 927 F.3d 763, 773 (3d Cir. 2019). These include: "(1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by counsel; and (7) the awards in similar cases." *S.S. Body Armor I, Inc. v. Carter Ledyard & Milburn LLP*, 927 F.3d 763, 773 (3d Cir. 2019) (quoting *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 301 (3d Cir. 2005)). Other factors courts may consider include "(1) the value of benefits accruing to class members attributable to the efforts of class counsel as opposed to the efforts of other groups, such as government agencies conducting investigations; (2) the percentage fee that would have been negotiated had the case been subject to a private contingent fee agreement at the time counsel was retained; and (3) any 'innovative' terms of settlement." *In re AT&T Corp.* 455 F.3d 160, 165 (3d Cir. 2006) (citations omitted). After considering these factors, the court must then "cross-check" the award amount against the lodestar method to ensure that it is appropriate. *S.S. Body Armor I, Inc.*, 927 F.3d at 774. This method is preferred for "common fund" cases, such as class actions. *See id.* at 773.

Plaintiffs' counsel requests an award equal to 31% of the $2.3 million settlement fund, which amounts to $713,000.00. The Court has considered the relevant factors and finds that the award is reasonable. First, the size of the fund is significant—$2.3 million—and benefits a settlement class of nearly 8,000 members. This factor weighs in favor of the requested fee award. Second, the fact that there have been no objections by any class members to either the settlement agreement or the request for attorneys' fees also weighs in favor of the proposed fee award. Third, the Court finds that the attorneys' skill and efficiency favor approval, as they are highly experienced and skilled in litigating ERISA class actions. Fourth, the complexity of both the fact and law issues in this case weigh in favor of the fee award, considering that absent settlement, this case would likely be lengthy, and costly, to litigate. Fifth, the "substantial risk" that class counsel assumed in litigating this action on a contingency fee basis with the possibility that they would achieve little or no recovery also favors the fee award. Sixth, class counsel devoted 341.30 hours (amounting to $240,687.00 worth of professional time) thus far, and that does not include the time spent at the fairness hearing. This weighs in favor of approval. Seventh, other courts in similar cases have found that attorneys' fees in the amount 33% of the settlement fund to be within the reasonable range for common fund awards. *See In re Cigna-American Specialty Health Admin. Fee Litig.*, No. 16-3967, 2019 WL 4082946, at *14 (E.D. Pa. Aug. 29, 2019) ("In complex ERISA cases, courts in this Circuit and others also routinely award attorneys' fees in the amount of one third of the total settlement fund."). The remaining factors also suggest that fee request is reasonable. The benefits to the class are attributable to class counsel, as there were no other groups who investigated this matter. "Were this case an individual action, the customary contingent fee would likely range between thirty and

3. Each of the four Named Plaintiffs is awarded **$10,000** as a Case Contribution Award, as defined in the Settlement Agreement, in recognition of their contributions to this Action.[3]

4. The Clerk of Court shall mark this case **CLOSED** for all purposes including statistics.

BY THE COURT:

/s/ John M. Gallagher
JOHN M. GALLAGHER
United States District Court Judge

---

forty percent of recovery." *In re Cigna-American Specialty Health Admin. Fee Litig.,* 2019 WL 4082946, at *14. Therefore, that factor weighs in favor of the fee award. Finally, the settlement does not contain any "innovative" terms, so this factor is neutral.

Cross-checking the fee award amount against the lodestar method, the Court further confirms that the award is reasonable. Based on the number of hours counsel spent multiplied by their hourly billing rates, counsel spent $240,687.00 of professional time in this matter. That yields a multiplier of 2.96, which other courts have found to be reasonable. *See In re Prudential Ins. Co. Am. Sales Practice Litig.Agent Actions*, 148 F.3d 283, 341 (3d Cir. 1998) (recognizing that multipliers "ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied"). Moreover, counsel has spent additional time on this case not included in the lodestar, such as at the fairness hearing, and it is anticipated that they will spend more time in the future.

[3] *See Diaz v. BTG International, Inc*, No. 19-1664, 2021 WL 2414580, at *9 (E.D. Pa. June 14, 2021) (approving $10,000 in class contribution awards to the two named plaintiffs).